SEYFARTH SHAW LLP
Joshua M. Henderson (SBN 197435)
jhenderson@seyfarth.com
Andrew M. McNaught (SBN 209093)
Email: amcnaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Thomas J. Piskorski (admitted *pro hac vice*)
tpiskorski@seyfarth.com
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Daniel C. Kim (SBN 272680)
dckim@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
COMTRAK LOGISTICS, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALVADOR ROBLES, individually and on behalf of others similarly situated.,<br><br>Plaintiffs,<br><br>v.<br><br>COMTRAK LOGISTICS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,,<br><br>Appellees | Case No. 2:13-CV-00161-JAM-AC<br><br>**DEFENDANT COMTRAK LOGISTICS, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**<br><br>Date: March 4, 2015<br>Time: 9:30 a.m.<br>Courtroom: 6 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2015, at 9:30 a.m., or as soon thereafter as counsel can be heard, in Courtroom 6 of the United States District Court, Eastern District,

located at 501 I Street, Sacramento, California, Defendant Comtrak Logistics, Inc. ("Defendant") will and hereby does move this Court to transfer this action pursuant to 28 U.S.C. § 1404(a).

Plaintiff's first through twelfth causes of action arise out of Plaintiff's contractual relationship with Defendant, under which he leased a truck to and provided delivery services to Defendant as an independent contractor owner-operator driver.[1] Specifically, Plaintiff alleges that he signed an "independent contractor and/or equipment lease contract" (the "Contract"), which characterized the relationship between himself and Defendant as independent contractor and contractor, when the relationship was actually that of employee and employer. Plaintiff claims that as a result of Defendant allegedly misclassifying him as an independent contractor, Defendant failed to indemnify him and other drivers for employment-related expenses, failed to compensate drivers for all hours worked, failed to provide required meal and rest periods, failed to provide accurate itemized wage statements, failed to pay wages due on termination, committed unfair business practices, and that Defendant was unjustly enriched.

Plaintiff's Contract contains a forum-selection clause providing that "any action or suit relating to [the Contract] shall be brought in the state or federal courts sitting in Memphis, Tennessee, and in no other court." Despite the parties' contractual agreement to bring suit only in a state or federal court sitting in Memphis, Tennessee, Plaintiff filed the instant action in this Court.

Because the forum-selection clause contained in Plaintiff's Contract is valid and enforceable, Plaintiff's claims are within the scope of the forum-selection clause, and there is no

---

[1] Plaintiff also brings claims on behalf of himself when he worked as an employee of Defendant. (*See* Dkt. No. 24, ¶¶ 190-268). Although those claims are not subject to the forum-selection clause in the Contract, they may still be transferred with the claims that are. *See CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co.*, 650 F. Supp. 57, 61 (D.V.I. 1986) (stating that the "district court has authority to transfer an entire case rather than to split actions"); *218 Operating Corp. v. K/K Enters.*, No 89 CIV.4987(LLS), 1990 WL 115616, at *3 (S.D.N.Y. Aug. 8, 1990) (transferring entire case pursuant to 28 U.S.C. § 1404(a) based on "the policy against fragmented litigation" and noting that retaining part of the action "would waste resources and needlessly burden the parties and witnesses"); *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F. Supp. 832, 840 n.8 (N.D. Ill. 1990) (noting that "little purpose would be served by retaining jurisdiction" over certain claims and transferring the remaining claims because "dividing the case . . . in this manner would merely result in needlessly duplicative litigation").

reason why transfer is unwarranted, this case should be transferred to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and supporting exhibits, the papers, records, and pleadings on file in this action, and upon any other matters Defendant may present to this Court at the hearing on this motion.

Dated: January 16, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Andrew M. McNaught
Thomas J. Piskorski
Joshua M. Henderson
Andrew M. McNaught
Daniel C. Kim

Attorneys for Defendant
COMTRAK LOGISTICS, INC.