1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   SALVADOR ROBLES, individually     No.  2:13-cv-00161-JAM-AC
     and on behalf of others
11   similarly situated,

12              Plaintiffs,            **ORDER GRANTING DEFENDANT'S
                                       MOTION TO TRANSFER VENUE**
13         v.

14   COMTRAK LOGISTICS, INC., a
     Delaware Corporation; DOES 1
15   through 10, inclusive,

16              Defendants.

17

18        Defendant Comtrak Logistics, Inc. ("Defendant") moves the

19   Court to transfer venue ("MTV") (Doc. #59) based on a forum

20   selection clause included in a written agreement between the

21   parties.  For the reasons that follow, Defendant's motion is

22   GRANTED.

23

24        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

25        A full discussion of the facts can be found in the Court's

26   earlier order (Doc. #54) of December 19, 2014.  For purposes of

27   this motion, a few additional items need be mentioned.

28        Defendant is a major provider of full dray truckload

                                  1

transportation services across the country.  FAC ¶ 5.  Plaintiff
Salvador Robles ("Plaintiff") alleges that he is a former driver
for Defendant who was initially classified as an independent
contractor and later hired as an employee driver by Defendant.
Id. ¶ 3.

Plaintiff claims Defendant has misclassified these drivers
as independent contractors in order "to avoid various duties and
obligations owed to employees" under California law.  FAC ¶ 1.
Plaintiff alleges that he and the other drivers were made to sign
an "Independent Contractor and Equipment Lease Contract" (the
"Contract"), which labeled them as independent contractors and
primarily discussed the details of Defendant's "leasing" of the
drivers' equipment.  MTV, Exhibit A.

The FAC pleads the first twelve causes of action ("IC
Claims") as a class action on behalf of Plaintiff and a class of
drivers who (a) signed the Contract with Defendant; (b) were
assigned to an operating terminal in California; and (c) were
residents of California ("the Class").  These claims involve
obligations owed by an employer to an employee; therefore, each
of these causes of action relies on the premise that Defendant
improperly classified the drivers as independent contractors when
legally they should have been treated as employees under
California law.  The claims are brought pursuant to California
law, primarily arising under the California Labor Code.

In addition, the FAC restates the same claims found in the
second through twelfth causes of action on behalf of Plaintiff
individually for labor and wage violations during his time
working for Defendant in which he was classified as an employee.

2

1  These eleven claims ("EE Claims") allege that although Plaintiff

2  was properly classified as an employee by Defendant during the

3  relevant time period, Defendant still failed to abide by the

4  applicable provisions of California law, including the California

5  Labor Code.

6      Defendant filed a motion to dismiss, which was stayed for a

7  period pending resolution of relevant issues by the Ninth

8  Circuit.  After the Ninth Circuit's decision was handed down and

9  the Court received supplemental briefing, the motion to dismiss

10  was denied.  Defendant now moves to transfer venue pursuant to 28

11  U.S.C. § 1404(a) ("§1404(a)").

12

13                        II.  OPINION

14      A.   Request for Judicial Notice

15      Plaintiff requests the Court take notice of three documents

16  (Doc. #63).

17      The Court may consider material attached to, or relied on

18  by, the complaint so long as authenticity is not disputed, or

19  matters of public record, provided that they are not subject to

20  reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL

21  2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of

22  Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid.

23  201).

24      The three documents offered by Plaintiff are (1) a record of

25  Defendant's name change from the California Secretary of State

26  (Doc. #63-1); (2) a 10-k SEC Filing form for the year ending

27  December 31, 2013 (Doc. #63-2); and (3) a "Business Entity

28  Detail" record from the California Secretary of State (Doc. #63-

3

1   3).   The Court finds these documents are matters of public record

2   that are not subject to reasonable dispute.   Accordingly, the

3   Court will take judicial notice of them.

4      B.   Discussion

5      Defendant has moved the Court to transfer venue pursuant to

6   §1404(a) based on the forum selection clause included in the

7   "Independent Contractor and Equipment Lease Contract" ("the

8   Contract") entered into by the parties.

9      Section 1404(a) provides:   "For the convenience of parties

10  and witnesses, in the interest of justice, a district court may

11  transfer any civil action to any other district or division where

12  it might have been brought or to any district or division to

13  which all parties have consented."   The United States Supreme

14  Court has held that "a forum-selection clause may be enforced by

15  a motion to transfer under § 1404(a)."   Atl. Marine Const. Co. v.

16  U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 575

17  (2013) ("Atlantic Marine").

18     The Contract is referenced and relied on in the FAC (¶¶ 3,

19  67) and attached to Defendant's motion as Exhibit A.   Plaintiff

20  does not dispute its authenticity so the Court looks to it in its

21  analysis.   The relevant clause provides that "any action or suit

22  relating to this Agreement shall be brought in the state or

23  federal courts sitting in Memphis, Tennessee, and in no other

24  court."   MTV, Exh. A § 5.G.   The Contract labels Plaintiff as an

25  independent contractor and primarily discusses the detail of

26  Defendant's lease of Plaintiff's equipment in boilerplate

27  language.

28     Defendant contends the forum selection clause is valid,

4

1   enforceable, and Plaintiff's claims lie within its scope.  MTV at

2   p. 11.   It therefore requests the Court transfer this matter to

3   the District Court for the Western District of Tennessee.

4        Plaintiff opposes the motion on a number of grounds.  First,

5   he argues the claims are not "related to" the Contract and

6   therefore fall outside the scope of the forum selection clause.

7   Second, Plaintiff contends that even if the clause does apply, it

8   is unenforceable because: (1) the clause's inclusion in the

9   Contract was the product of Defendant's coercion and

10  overreaching; (2) the clause is unreasonable; and (3) enforcement

11  of the clause will undermine public policy.

12            1.   Scope of the Forum Selection Clause

13       "In diversity cases, federal law governs the analysis of the

14  effect and scope of forum selection clauses."  Jones v. GNC

15  Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000) (citing

16  Manetti-Farrow, 858 F.2d at 513.  It is well-settled in the Ninth

17  Circuit that the scope of a forum selection clause can cover both

18  contractual and tort causes of action.  Manetti-Farrow, 858 F.2d

19  at 514; Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber

20  Co., No. 2:13-CV-2135 KJM AC, 2014 WL 6390282, at *9 (E.D. Cal.

21  2014).

22       Plaintiff has stated claims pursuant to the California Labor

23  Code along with other California laws regulating employment

24  practices.  The issue at the center of this controversy is

25  whether Plaintiff and the proposed class were employees of

26  Defendant rather than independent contractors and therefore

27  entitled to a host of benefits they did not receive.  In its

28  motion, Defendant contends the language in the clause "easily

                                     5

1    encompasses Plaintiff's claims."  MTV at pp. 6-8.  Defendant

2    argues Plaintiff's theory of misclassification necessarily relies

3    on the terms of the Contract.

4        In response, Plaintiff discusses the factors involved in

5    analyzing whether an employer-employee relationship exists.  Opp.

6    at pp. 9-12.  See S. G. Borello & Sons, Inc. v. Dep't of Indus.

7    Relations, 48 Cal. 3d 341, 351 (1989) (listing over one dozen

8    factors "logically pertinent to the inherently difficult

9    determination whether a provider of service is an employee or an

10   [] independent contractor").  Plaintiff argues that none of these

11   factors arise out of or are related to the Contract.  He points

12   out that the Contract does not even contain a clause that

13   attempts to define Plaintiff as an independent contractor.  Opp.

14   at p. 2.

15       "The scope of the claims governed by a forum selection

16   clause depends [upon] the language used in the clause."  Ronlake

17   v. US-Reports, Inc., No. 1:11-CV-02009 LJO, 2012 WL 393614, at

18   *3-4 (E.D. Cal. 2012) ("Ronlake").  In analogous contexts, the

19   Ninth Circuit has found that provisions using the phrases

20   "arising under," "arising out of," and "arising hereunder"

21   (collectively referred to as "arising under" language) should be

22   narrowly construed to cover only those disputes "relating to the

23   interpretation and performance of the contract itself."  Cape

24   Flattery Ltd. v. Titan Mar., LLC, 647 F.3d 914, 922 (9th Cir.

25   2011); see also Ronlake, 2012 WL 393614, at *4; Perry v. AT & T

26   Mobility LLC, No. C 11-01488 SI, 2011 WL 4080625, at *4 (N.D.

27   Cal. 2011) ("Perry").  In contrast, provisions that include or

28   add phrases such as "relating to" and "in connection with"

(collectively referred to as "relating to" language) have a broader reach.  _Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc._, No. CV 09-3627 PSG AJWX, 2009 WL 7322253, at *5 (C.D. Cal. Dec. 30, 2009); _Cape Flattery_, 647 F.3d at 922; _Joseph v. Amazon.Com, Inc._, No. C12-06256 HRL, 2013 WL 4806462, at *4 (N.D. Cal. 2013).

Defendant argues in its reply that the forum selection clause in the Contract should be construed broadly to include Plaintiff's labor code claims because the clause uses "related to" language.  The Court agrees.

In _Perry_, the court stated the issue before it as "'whether in classifying plaintiff, and others like h[er], as an independent contractor defendant[s] ha[ve] violated the law.'" _Perry_, 2011 WL 4080625, at *3-4 (quoting _Quinonez v. Empire Today, LLC_, No. C 10-02049 WHA, 2010 WL 4569873, at *3 (N.D. Cal. 2010)). The court determined whether the California Labor Code claims brought by the plaintiff were covered under a forum selection clause found in a contract between the parties.  _Id._ at *1.  The court found the forum selection clause's use of the term "any action . . . relating to" made it "significantly broader" than clauses using "arising under" language.  _Id._  It then found the "question [fell] within the scope of the forum selection clause, because it 'relates to' the contracts entered into by [the parties]."  _Id._

The circumstances present in _Perry_ are nearly identical to those before this Court.  The Court similarly finds Plaintiff's claims _relate to_ the Contract.  The Contract governs the working relationship between the parties.  It is the precise nature of

1  that relationship that is at issue in this matter.   Therefore,

2  Plaintiffs claims fall within the scope of the forum selection

3  clause.

4            2.   Enforceability of Forum Selection Clause

5       Federal courts have recognized three grounds for declining

6  to enforce a forum selection clause: (1) where the inclusion of

7  the clause in the contract was the result of "fraud or

8  overreaching"; (2) if the party seeking to avoid the clause would

9  be effectively deprived of its day in court in the forum

10  specified in the clause; or (3) if enforcement would contravene a

11  strong public policy of the forum in which the suit is brought.

12  Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir.

13  2004); see also Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d

14  509, 514 (9th Cir. 1988); The Bremen v. Zapata Off-Shore Co., 407

15  U.S. 1, 15 (1972)).   However, "[w]hen the parties have agreed to

16  a valid forum-selection clause, a district court should

17  ordinarily transfer the case to the forum specified in that

18  clause."  Atlantic Marine, at 581.

19             a. Fraud and Overreaching

20       "For a party to escape a forum selection clause on the

21  grounds of fraud, it must show that 'the *inclusion of that clause*

22  *in the contract* was the product of fraud or coercion.'"  Richards

23  v. Lloyd's of London, 135 F.3d 1289, 1297 (9th Cir. 1998)

24  (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 518, 94 S.

25  Ct. 2449, 2457, 41 L. Ed. 2d 270 (1974)) (emphasis in original).

26  "'Overreaching' is a ground 'short of fraud,' and a mere showing

27  of 'non-negotiability and power difference' does not render a

28  forum selection clause unenforceable."  Mahoney v. Depuy

1  Orthopaedics, Inc., No. CIVF 07-1321 AWI SMS, 2007 WL 3341389, at

2  *7 (E.D. Cal. 2007) (citing Murphy, 362 F.3d at 1141; E.J. Gallo

3  Winery v. Andina Licores S.A., 440 F.Supp.2d 1115, 1126 (E.D.

4  Cal. 2006)).  The party opposing enforcement of the forum

5  selection clause on the grounds of fraud or overreaching "must

6  show that the inclusion of the clause itself into the agreement

7  was improper; it is insufficient to allege that the agreement as

8  a whole was improperly procured."  Id.

9      Plaintiff argues the forum selection clause was the product

10  of economic coercion and overreaching.  Opp. at pp. 12-13.

11  Plaintiff cites the power differentials between the parties and

12  Plaintiff's lack of negotiating power in regards to the formation

13  of the Contract and, specifically, the inclusion of the forum

14  selection clause.  However, "the Ninth Circuit has rejected the

15  argument that unequal bargaining power is a ground to reject

16  enforcement of a forum selection clause in an employment

17  contract."  Marcotte v. Micros Sys., Inc., No. C 14-01372 LB,

18  2014 WL 4477349, at *7 (N.D. Cal. 2014) (citing Murphy, 362 F.3d

19  at 1141).  A forum selection clause is "not unreasonable merely

20  because of the parties' unequal bargaining power: it is

21  enforceable if there is reasonable communication of the clause."

22  Id.  (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S 585,

23  595 (1991)).

24      Plaintiff has failed to provide any evidence that the

25  Contract's terms regarding forum selection were not clearly

26  communicated in the Contract or that the inclusion of the forum

27  selection clause was the product of fraud or overreaching.  As

28  such, the argument regarding fraud and overreaching fails.

1

          b. <u>Unreasonable</u>

2      Plaintiff next contends the forum selection clause should

3 not be enforced because it is unreasonable under the

4 circumstances.  Opp. at pp. 14-16.  Plaintiff attempts to support

5 his argument by focusing on § 1404(a) factors including

6 convenience of the parties and witnesses and other practical

7 considerations.

8      In a typical case involving a §1404(a) transfer motion, the

9 court must evaluate a range of factors in determining whether

10 transfer would serve "the convenience of the parties and

11 witnesses" and otherwise promote "the interests of justice."

12 <u>Atlantic Marine</u>, at 581 (quoting §1404(a)).  However, when a

13 valid forum-selection clause is involved, "the calculus changes."

14 <u>Id.</u>  In this new analysis, "a district court may consider

15 arguments about public-interest factors only"; the "plaintiff's

16 choice of forum merits no weight"; and the court "must deem the

17 private-interest factors to weigh entirely in favor of the

18 preselected forum."  <u>Id.</u> at 581-83.  "Only under extraordinary

19 circumstances unrelated to the convenience of the parties should

20 a § 1404(a) motion be denied."  <u>Id.</u> at 581.

21      By agreeing to the forum selection clause in the Contract,

22 Plaintiff has "waive[d] the right to challenge the preselected

23 forum as inconvenient or less convenient."  <u>Atlantic Marine</u>, at

24 581.  Plaintiff's arguments that litigating the case in Tennessee

25 would be impractical and inconvenient are therefore unpersuasive.

26          c. <u>Public Policy</u>

27      Plaintiff's remaining arguments implicate the public policy

28 of California and rely on the choice of law provision in the

1  Contract.  Opp. at pp. 16-20.  Plaintiff contends the forum

2  selection clause "cannot be considered in isolation from the

3  choice-of-law provision where both provisions are complimentary

4  aspects of an unlawful subterfuge to evade California employment

5  law."

6      "Courts in the Ninth Circuit have generally agreed that the

7  choice-of-law analysis is irrelevant to determining if the

8  enforcement of a forum selection clause contravenes a strong

9  public policy."  Rowen v. Soundview Commc'ns, Inc., No. 14-CV-

10 05530-WHO, 2015 WL 899294, at *3-4 (N.D. Cal. 2015).  "'[A] party

11 challenging enforcement of a forum selection clause may not base

12 its challenge on choice of law analysis.'"  Marcotte, 2014 WL

13 4477349, at *8 (quoting Besag v. Custom Decorators, Inc., No. C

14 08-05463 JSW, 2009 WL 330934, at *3-4 (N.D. Cal. 2009) (called

15 into question on other grounds by Narayan v. EGL, Inc., 616 F.3d

16 895, 899, 904 (9th Cir. 2010))).  "As a general matter,

17 California courts will enforce adequate forum selection clauses

18 that apply to non-waivable statutory claims, because such clauses

19 do[] not waive the claims, they simply submit their resolution to

20 another forum."  Perry, 2011 WL 4080625, at *5.

21      However, under certain circumstances, public policy

22 considerations may lead to non-enforcement of an otherwise valid

23 forum selection clause:

24      [I]f the forum is not adequate, a forum selection
        clause that applies to a non-waivable statutory claim
25      may, in fact, improperly compel the claimant to forfeit
        his or her statutory rights.  In such a case, the forum
26      selection clause is contrary to the strong public
        policy of California and will not be enforced.  More
27      specifically, . . . the California Supreme Court has
        held clearly and unequivocally that it is against the
28      strong public policy of California to enforce a forum

1  selection clause where the practical effect of
   enforcement will be to deprive a plaintiff or class of
2  plaintiffs of their unwaivable statutory entitlement to
   the minimum wage and overtime payments.
3

4  Perry, at *5 (internal citations omitted).

5       Plaintiff argues the choice-of-law provision and the forum

6  selection clause operate in tandem to deny him of his statutory

7  rights under California law.  However, there is no evidence

8  provided, or found, indicating that a transfer of this case to

9  the District Court for the Western District of Tennessee would

10 deprive him of his rights.  Federal courts in other states are

11 "fully capable of applying California law."  Foster v. Nationwide

12 Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *6 (N.D.

13 Cal. 2007).  If Plaintiff's allegations regarding Defendant's

14 misclassification of him and others as independent contractors

15 are proven true, the court in Tennessee will be "fully capable"

16 of awarding him the remedies and withheld benefits provided for

17 under California labor laws.

18      Accordingly, Plaintiff's arguments based on public policy

19 fall short, and Defendant's motion is GRANTED.

20

21                        III. ORDER

22      For the reasons set forth above, the Court GRANTS

23 Defendant's motion to transfer venue.

24      IT IS SO ORDERED.

25 Dated: April 2, 2015

26

27                                   _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE
28